Pennington, J.
That Judge Talmadge has given an opinion that Powles Hook is in the State of New York, forms no solid ground for the indulgence of this court; he *209 had no objection, however, to the cause being removed, if by law it might be done.
Mr. Williamson said, that it was a simple trespass; that it in no way appeared that the controversy would involve a jurisdictional question; nor did he believe it would.
[*] Mr. Griffith: — The statute requiring the application to be made on the appearance of the defendant, is merely directory; in all cases where a statute is directory only, the court will exercise a discretion; therefore, the court can, and he trusted it would exercise its discretion in favor of the right of the defendant, by receiving the application mmc pro tuno.
Kirkpatrick, C. J., and Eosskll, J.
Thought it reasonable to allow the motion.
PbsnikgtoI'í, J.
Could not concur with his brethren.
The constitution and laws of the United States out of the case, the plaintiff had a right to have his cause tried in this court. By the constitution of the United States, and statutes made in conformity thereto, the defendant has a right to remove a cause brought against him by a citizen of this State, into the court of the United States, on his declaring such intention, and making affidavit of certain facts on his entering his appearance in this court; this he has not done; and by his not doing it, he has waived that privilege; and the plaintiff has acquired a right to have his cause tried here. This is now to be taken from him by a [466] mere fiction. It is to be done mine pro tune. It is impossible but to perceive that this is a fictitious proceeding. It is to be done now as though it had been done six months ago, that is, in September Term last; although the affidavit, which is the groundwork of the application, was taken not more than four days ago, and so imports on the face of it. Fictions in law, are only tolerated to supply formal defects, mere inaccuracies in form; but are never permitted to vary substantial rights. In this case we are called upon to adopt a fictitious *210 .proceeding, in destruction of a vested substantial right of the plaintiff, to have his cause tried in the courts of his own State.
Motion allowed.[1]
See Wanner v. Sisson, 1 Stew. 117; S C., 2 Penn. 668.
Cited in Ogden v. Baker, 1 Gr. 75.

 Contra, 1 Peters C. C. Rep. 44.